# Benge v. Commonwealth.

(Decided October 10, 1924.)

## Appeal from Laurel Circuit Court.

Bribery—Charge Held Not Sustained by Evidence Sufficiently Corroborated.—Conviction for bribery under Ky. Stats., section 1587, held not sustained by sufficient evidence under section 1594, requiring two witnesses or corroborating circumstances and court erred in refusing to direct acquittal.

LEWIS & LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant was convicted of the offense of bribery, as denounced by section 1587 of the statutes, which is a part of the chapter which also includes section 1594. This latter section provides in part:

"But the jury shall never convict anyone, under the provisions of this chapter, upon the testimony of a single witness, unless sustained by strong corroborating circumstances."

The indictment charges, in substance, that the bribery was committed by appellant's paying to Nick Roberts $2.00 to vote for William Lewis for the republican nomination for circuit judge of the twenty-seventh judicial district, at the primary election held on August 4, 1923.

To sustain the charge against appellant, the Commonwealth introduced only two witnesses, Roberts and Bud Lawson. The former testified, in substance, that he and appellant were in a barn about 500 yards from the polls on the morning of the election referred to in the indictment, and that while in there, and before he had voted, he borrowed two dollars from the appellant to pay for some corn which he had bought from another, and he denied that anything whatever was said to him about how or for whom he should vote.

Lawson testified that he was standing near the door of the barn, and heard appellant say to Roberts, "Now you vote just like I tell you," and that that was all that he heard.

It is perfectly clear that the charge of bribery is not sustained by the evidence of either of these witnesses, and that they contradict rather than corroborate each other upon that issue.

Guilt was not therefore established by two witnesses, or one witness and strong corroborating circumstances, as required by the statute. Hence the court erred in refusing to direct an acquittal.

The indictment and instructions given are criticised, but we do not find any substantial error in either, except that the court should have omitted from instruction No. 1 the clause:

"from the evidence of two witnesses, or one witness and strong corroborating circumstances,"

and instructed upon that subject only, as was done in the second instruction.

Wherefore the judgment is reversed, and the cause remanded for proceedings consistent herewith.